UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTINE LEVINSON, as Conservator of the ESTATE AND PROPERTY OF ROBERT LEVINSON, CHRISTINE LEVINSON, SUSAN LEVINSON BOOTHE, STEPHANIE LEVINSON CURRY SARAH LEVINSON MORIARTY, SAMANTHA LEVINSON, DANIEL LEVINSON, DAVID LEVINSON, and DOUGLAS LEVINSON,<br><br>        Plaintiffs,<br><br>-against-<br><br>CITIBANK, N.A.,<br><br>        Defendant.<br><br>KUWAIT FINANCE HOUSE (MALAYSIA) BERHAD,<br><br>        Intervenor-Defendant. | 21 Civ. 4795 (LAP)<br><br><u>SEALED ORDER</u> |

LORETTA A. PRESKA, SENIOR UNITED STATES DISTRICT JUDGE:

    Before the Court is Kuwait Financial House (Malaysia) Berhad's ("KFH's") motion for an extension of time to file a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A).[1]

    For the reasons described below, KFH's motion is <u>GRANTED</u>.

---

[1] (Notice of Motion, dated Aug. 10, 2021 [dkt. no. 49]; Memorandum of Law in Support of Kuwait Finance House (Malaysia) Berhad's Motion for Extension of Time to File Appeal Pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A), dated Aug. 10, 2021 [dkt. no. 50].)

1

**I.     Background**

On May 28, 2021, Plaintiffs filed their Sealed Complaint against Citibank, seeking to enforce a judgment in the amount of $1.457 billion obtained against the Islamic Republic of Iran. (Complaint, dated May 28, 2021 [dkt. no. 12].) Plaintiffs moved at the same time, ex parte, for a writ of execution under Rule 69 of the Federal Rules of Civil Procedure and CPLR 5230. (Motion for Writ of Execution, dated May 28, 2021 [dkt. no. 16].)

On June 14, 2021, the Court ordered that the writ be granted and that the writ extend to: (1) assets of the Islamic Republic of Iran, the National Iranian Oil Company, Kuwait Finance House (Malaysia) Berhad, Kuwait Finance House (Labuan) Berhad, and Ship Agency & Maritime Services Pte. Ltd.; and (2) assets held in Citibank account number 36248278. (See Order Granting Plaintiffs' Ex Parte Motion for Writ of Execution, dated June 14, 2021.)

On July 14, 2021, KFH filed a proposed order to show cause for leave to intervene and for an order vacating the July 14, 2021 writ of execution and submitted an accompanying memorandum of law. At the completion of briefing, at a show-cause hearing held on July 27, 2021, the Court granted KFH's motion to intervene, denied KFH's motion to vacate the writ of execution,

and ordered the parties submit a discovery schedule. (See July 27, 2021 Hearing Transcript, dated July 27, 2021.)

On August 10, 2021, KFH filed a notice of appeal from the Court's June 14, 2021 order issuing a writ of execution and from the Court's July 27, 2021 order declining to vacate or modify the writ. KFH simultaneously submitted the instant motion seeking an order extending until August 10, 2021 the time in which KFH could file a notice of appeal from the Court's June 14, 2021 order issuing a writ of execution. (Memorandum of Law in Support of Kuwait Finance House (Malaysia) Berhad's Motion for Extension of Time to File Appeal Pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A), dated Aug. 10, 2021 [dkt. no. 50].)

## II.  Discussion

Federal Rule of Appellate Procedure 4(a)(1)(A) requires a notice of appeal in a civil case to "be filed with the district clerk within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(A). The Court entered the writ of execution from which KFH seeks appeal on June 14, 2021. Accordingly, KFH's time to file a notice of appeal has elapsed unless it can satisfy the criteria for obtaining an extension of time.

Under Federal Rule of Appellate Procedure Rule 4(a)(5)(A) "a district court may grant an extension of time to file a

notice of appeal if: (1) a party so moves no later than thirty days after its prescribed time under Rule 4(a) expires; and, (2) the party shows excusable neglect or good cause." Loss Prevention Works, LLC v. Mar. Networks, Inc., No. 10 CIV. 7616 DLC, 2011 WL 5599135, at *1 (S.D.N.Y. Nov. 17, 2011); Fed. R. App. P. 4(a)(5)(A).

KFH filed its motion for an extension of time to file a notice of appeal on August 10, 2021, less than 30 days after July 14, 2021--the expiration of the 30-day deadline to file a notice of appeal from the Court's June 14, 2021 order granting the writ of execution.  Accordingly, KFH's motion for an extension is timely, and the Court may grant KFH's motion upon a finding of "excusable neglect or good cause," pursuant to Federal Rule of Appellate Procedure Rule 4(a)(5)(A).

As an initial matter, "[t]he excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant." Bradshaw v. City of New York, No. 18 CIV. 8944 (GBD), 2019 WL 6997969, at *2 (S.D.N.Y. Dec. 20, 2019) (alterations in original) (citing Al-Qadaffi v. Servs. for the Underserved et al., No. 13 Civ. 8193 (WHP), 2015 WL 3401045, at *1 (S.D.N.Y. Apr. 27, 2015).  "On the other hand, '[t]he good cause standard applies in situations in which there is no fault—excusable or otherwise.  In such

4

situations, the need for an extension is usually occasioned by something that is not within the control of the movant.'" Id. Here, KFH moved to intervene in this action within Fed. R. App. P. 4(a)(1)(A)'s 30-day window but could not reasonably have filed a notice of appeal until July 27, 2021, when the Court granted KFH intervenor status.[2]  Accordingly, the good cause standard applies.

KFH has sufficiently shown good cause warranting an extension of the time to file a notice of appeal here.  First, KFH has acted diligently to file a notice of appeal under the circumstances.  KFH learned of the writ on June 18, 2021 and only accessed this case's sealed filings on June 24, 2021.  KFH timely moved to intervene on July 14, 2021, a motion the Court granted on July 27, 2021.[3]  KFH filed a notice of appeal less than two weeks after being designated an intervenor.  Moreover,

---

[2] Although there are some circumstances when a non-party to an action could seek appeal from a court order, as KFH points out the better practice is for such a nonparty to seek intervention and then appeal. See Drywall Tapers & Pointers of Greater New York, Loc. Union 1974 of I.U.P.A.T., AFL-CIO v. Nastasi & Assocs. Inc., 488 F.3d 88, 95 (2d Cir. 2007).

[3] Even if the excusable neglect standard applied, the Court would find that all factors--including principally the reason for the delay, the factor that courts have found to predominate this inquiry, Al-Qadaffi v. Servs. for the Underserved (SUS), No. 13CV8193, 2015 WL 3401045, at *1 (S.D.N.Y. Apr. 27, 2015)--compel the grant of an extension, given that KFH only accessed this case's filings in late June, sought expeditiously to intervene, and was not designated an intervenor until July 27.

KFH filed the notice of appeal well within the 60-day time period required by Rule 4(a)(5)(A)(i).

Moreover, the Court finds that there will be no prejudice to Plaintiffs as a result of extending by less than a month KFH's time to appeal the writ, given Plaintiffs' notice of KFH's intent to appeal at least as early as July 30, 2021 and because KFH's timely appeal of the Court's denial of vacatur of the writ encompasses essentially the same issues as those that will be litigated on appeal of the issuance of the writ of execution.

Accordingly, KFH has shown good cause to warrant an extension of its time to file a notice of appeal from the Court's June 14, 2021 order issuing a writ of execution.

### III. Conclusion

For the reasons described below, KFH's motion for an extension of time to file a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A) [dkt. nos. 49, 50] is <u>GRANTED</u>.

The Court will address KFH's motion to stay the writ of execution and trial proceedings pending appeal (dkt. no. 51) in a forthcoming order.

**SO ORDERED.**

Dated:    New York, NY
          August 19, 2021
                                    _____
                                    Loretta A. Preska
                                    Senior United States District Judge