UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LINDA ROSI, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>ACLARIS THERAPEUTICS, INC., NEAL WALKER, FRANK RUFFO, KAMIL ALI-JACKSON, and BRETT FAIR,<br><br>        Defendants. | Case No. 1:19-cv-7118 (LJL)<br><br>Class Action |

**ORDER GRANTING MOTION FOR DISTRIBUTION OF
CLASS ACTION SETTLEMENT FUNDS**

Having considered all materials and arguments submitted in support of Motion for Distribution of Class Action Settlement Funds (the "Motion"), including the Memorandum of Law in Support of the Motion, and the Declaration of Josephine Bravata Concerning the Results of the Claims Administration Process (the "Bravata Distribution Declaration"),

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. As set forth in in the Bravata Distribution Declaration, the administrative determinations of the Claims Administrator, Strategic Claims Services ("SCS"), in accepting and rejecting Claims are approved. Specifically, the administrative determinations of the Claims Administrator accepting those Claims set forth in Exhibits B-1 and B-2 to the Bravata Distribution Declaration are approved. Likewise, the administrative determinations of the Claims

1

Administrator rejecting those Claims set forth in Exhibits D and E of the Bravata Distribution Declaration are approved.

3.     Any person asserting claims filed after August 3, 2022 or any responses to rejected claims after August 3, 2022, the date used to finalize the administration by SCS, are finally and forever barred from asserting such claims.

4.     The funds that are currently in the Net Settlement Fund[1] (less any necessary amounts to be withheld for payment of potential tax liabilities and related fees and expenses) shall be distributed on a *pro rata* basis to the Authorized Claimants, identified in Exhibits B-1 and B-2 to the Bravata Distribution Declaration. The funds shall be distributed pursuant to the Stipulation and the Plan of Allocation of the Net Settlement Fund set forth in the Notice.

5.     The distribution plan for the Net Settlement Fund as set forth in the Bravata Distribution Declaration and accompanying exhibits is approved. The balance of the Net Settlement Fund shall be distributed to Authorized Claimants. The checks for distribution to Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." Lead Counsel and SCS are authorized to locate and/or contact any Authorized Claimant who has not cashed his, her, or its check within said time. Authorized Claimants who fail to negotiate a distribution check within the time allotted or consistent with the terms outlined in the Bravata Distribution Declaration will irrevocably forfeit all recovery from the Settlement.

6.     If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have

---

[1] All capitalized terms that are not otherwise defined herein have the seams meanings as set forth in the Stipulation of Settlement dated July 30, 2021 (the "Stipulation") (ECF No. 62-1).

Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants who would receive at least a $10.00 payment; (ii) second, to pay any additional Class Notice and Administration Expenses incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.

7. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement, and all Exchange Act Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against the Net Settlement Fund or the released person beyond the amount allocated to them pursuant to this Order.

8. SCS is authorized to discard paper or hard copies of claims and all supporting document no less than one year after the second distribution of the Net Settlement Fund, if that occurs, or, if there is no second distribution, two years after the initial distribution. SCS is also authorized to destroy the electronic copies of the claims and all supporting documentation no less than one year after all funds have been distributed.

9.   This Court retains jurisdiction over any further application or matter which may arise in connection with this action.

Dated: _____September 7_____, 2022

_____
THE HONORABLE LEWIS J. LIMAN
UNITED STATES DISTRICT JUDGE